WILLIAM O. KEARNS, APPELLEE, V. OTTO F. BLUM, APPELLANT.

FILED DECEMBER 4, 1913. NO. 17,484.

1. Instructions complained of examined, and found to correctly state the issues made by the pleadings; and, while not very clear, they are *held* to be without reversible error.

2. Appeal: CONFLICTING EVIDENCE. Where the issues made by the pleadings are submitted to a jury on conflicting evidence, their verdict will not be set aside, unless it clearly appears to be wrong.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*W. S. Morlan,* for appellant.

*John Everson, contra.*

BARNES, J.

This action was commenced in justice court. It was appealed to the district court, and plaintiff there sought to recover $75 alleged to be due him from the defendant, and also a balance alleged to be due him from the defendant for hauling, and pasturing a horse, amounting to $29.75. The total amount claimed by plaintiff was $104.75.

By his answer the defendant admitted the purchase of the horse, but alleged that he received it in payment for a balance due to him from plaintiff on an old account, and

denied each and every other allegation contained in plaintiff's petition. Defendant further alleged that plaintiff leased certain real estate situated in Harlan county, Nebraska, from defendant, and was a tenant upon the land so leased, beginning on the 1st day of March, 1907, and ending on the 1st day of March, 1911; that for the first three years of said time plaintiff and defendant owned cattle and hogs which were kept on said farm, and the plaintiff, under the terms of his lease, was to cultivate said land and feed and care for all of said stock, and when said stock was sold each of the parties was to receive a share thereof; that the defendant was also to receive a share of the cream and other property sold from said farm; that in the fall of 1908 plaintiff became indebted to defendant for defendant's share of cattle, cream, hogs and wheat sold by the plaintiff, to the amount of $170; that in the fall of 1909 plaintiff became indebted to defendant in the sum of $77, a balance due the defendant from the plaintiff for his interest in the cattle sold to plaintiff, and for certain cattle purchased by plaintiff from the defendant; that during the last year of said tenancy the plaintiff, under the terms of his lease, was to pay defendant $75 for pasture rent, and was to deliver to defendant one-third of all corn crops grown on the premises, and also two tons of baled hay; that plaintiff failed to pay to the defendant the sum of $75, due under the lease for 1910, and failed to deliver to defendant the two tons of baled hay, as provided for in said lease, and the said hay at the time it should have been delivered to the defendant was reasonably worth $5 a ton; that at the time of the purchase of said horse plaintiff also owed defendant the sum of $8 for a wheat drill sold and delivered to plaintiff by the defendant; that the sums due from plaintiff to the defendant on account of said items amounted to $190, for which sum, with costs of suit, defendant prayed judgment.

The plaintiff, by his reply, admitted that he entered into the possession of certain lands of the defendant on

or about the 1st day of March, 1907, but not as a tenant, as alleged by defendant; that their contract was in writing, and by its terms expired March 10, 1910; that the contract constituted a partnership agreement, and was not a lease, as alleged by defendant; that plaintiff occupied said premises for the year ending March 1, 1911, as a tenant, as set forth in defendant's answer; that by the terms of the written contract the parties thereto were interested jointly in the property mentioned in the answer of the defendant, and each and every item of the charges constituting the alleged cause of action in said answer and cross-petition of the defendant, it was alleged, "relate wholly to said partnership property dealings;" that no settlement of their partnership accounts has ever been made, and no balance has ever been struck in favor of either party, though the plaintiff has made repeated demands upon the defendant for a settlement thereof, and defendant has refused to tender to the plaintiff an account of the items claimed against him. Plaintiff denied each and every other allegation contained in the answer, and prayed that the items claimed by the defendant under the written contract might be excluded from consideration until a settlement thereof had been made by a court of equity.

A trial was had to a jury, and on the 12th day of December, 1911, a verdict was returned in favor of the plaintiff for the sum of $95.97. A motion for a new trial was overruled, judgment was rendered upon the verdict, and the defendant has brought the case to this court by appeal.

On the trial the defendant put in evidence a written contract which contained the lease in question, and an additional agreement as follows: "That first party is to furnish the following stock, to be placed on said premises during the term of this lease, under the terms herein named, to wit: Ten head of cows, to be valued at $250, or $25 per head; eleven head of yearling cattle and calves, valued at $170; ten head of brood sows, valued at $91,

and two-thirds interest in one Poland-China boar, valued at $6. The said second party is to furnish on said place the following personal property, to wit: Five head of milch cows, valued at $125; five head of brood sows, valued at $55; and five head of calves, valued at $50; and one-third interest in said boar, valued at $3; said property of each party to be fed and cared for on the place by said second party out of the crops raised on said place, but from this date, to the crop is raised on said place, second party is to furnish two-thirds of the grain and feed for said stock, and first party is to furnish one-third of the same, and at the expiration of this lease and agreement said stock is to be sold, or divided, as follows: First party is to take sufficient stock or cash from the sale of the same, in equal value of the stock he now furnished, to wit, $454, and second party is to take out of the proceeds of the sale of said stock, or stock of the value of the amount he now furnishes, to wit, $233, said stock to be sold or divided as parties may agree upon, and if parties cannot agree to settle the matter by arbitration, each party selecting a man and them a third. * * * After said parties each are paid back, the value of the stock herein agreed to be placed on the place, as above specified, the balance of said stock, including increase, to be divided as follows: Second party is to have two-thirds, and first party one-third. All feed, crops, grain, stock and cream sold from the place during the pendency of this agreement is to be divided as follows: Second party two-thirds, and first party one-third, but the property herein placed on the place is not to be sold at any time without the consent of both parties."

In their testimony both parties, in speaking of this agreement, called it a partnership agreement; and their testimony was evidently taken into account by the district court in construing the contract to be in effect a partnership agreement as far as it related to the live stock.

The defendant assigns error for the giving of the

second and third instructions, and argues that those instructions erroneously stated the allegations of the defendant's answer. By instruction No. 2 the court told the jury that the defendant admitted buying the horse of the plaintiff, but alleged that the price of the horse was to be applied on an indebtedness owing by the plaintiff to the defendant, and that the burden of proof was upon the defendant to convince the jury by a preponderance of the evidence that the plaintiff agreed to allow the value of the horse to be applied on such alleged indebtedness; and, if the defendant failed to establish said agreement by a preponderance of the evidence, then the jury should return a verdict for the plaintiff for a balance due on the horse; and in such sums as they might find due, from the evidence, for pasture and feed for a horse, and for hauling, if any, unless the jury should further find that defendant has by a preponderance of the evidence proved a settlement of the partnership accounts, as alleged in his answer, and the amount which plaintiff acknowledged to be due thereon. By instruction No. 3 the jury were informed that the defendant had pleaded a settlement and a balance due on a certain partnership account, that the burden was upon the defendant to prove that he and the plaintiff made a settlement in 1908, and that plaintiff acknowledged that there was a balance due from plaintiff to defendant, and the amount of said balance; that the burden of proof was upon the defendant to show that he and the plaintiff made a settlement of their partnership accounts in the fall of 1909, and that they agreed upon the amount due from plaintiff to defendant, and that if defendant failed to convince the jury by a preponderance of the evidence that such settlements were made, and that the amount due was agreed upon, and failed to convince them by a preponderance of the evidence that plaintiff agreed that the purchase price of the horse might be applied upon the indebtedness owing by the plaintiff to the defendant, then the verdict should be for the plaintiff in a sum not to exceed $104.75, with 7 per cent. interest

thereon from March 1, 1911. As we view the pleadings and the testimony, the instructions complained of fairly stated the issues which the jury were required to determine.

The defendant also assigns error in giving instruction No. 4, which reads as follows: "In the reply filed by the plaintiff in this case the plaintiff alleges that the items sued on by the defendant relate to a partnership which existed between the plaintiff and defendant under exhibit 'A,' which was introduced in evidence, and that no settlement of the partnership matters and accounts has ever been made. The court instructs you that, under the provisions and conditions of said contract, it is a partnership agreement; and if you find that the items claimed by the defendant in his answer refer to or arose out of the transactions under and by virtue of said contract, and you further find that there has been no settlement or agreement whereby the same have been settled and a balance assented to between the parties of all of the items of both parties thereon, then you will disregard all of the items arising under said contract and sued for by the defendant, even though those items sued upon by defendant may have been agreed to and admitted to be correct on the part of the plaintiff Kearns."

It is contended that this instruction was erroneous; that the contract was not one in the nature of a partnership agreement; and that as the evidence failed to show any final settlement between the parties, the jury were prevented from considering the justness of defendant's claims. As we view the record, the court correctly interpreted the contract so far as it related to the live stock placed upon the farm by the plaintiff and the defendant, and to that extent the agreement was a partnership agreement. It follows that the instruction, although it was not so clear as it might have been, was not erroneous.

It is also contended that the verdict is unsupported by the evidence, and is contrary to law. An examination of the record discloses that there was a sharp conflict in the

evidence. The plaintiff produced evidence supporting, or tending to support, his cause of action. The defendant in effect admitted the sale of the horse, and testified that he was to have it for an old debt that the plaintiff owed him. This plaintiff positively denied. The defendant introduced the written contract in evidence, and gave testimony tending to show that there was a balance due him under the terms of the agreement. On the other hand, the plaintiff produced evidence showing that he had paid the defendant certain sums of money arising from the sale of the live stock and the other property in question, and that there was nothing due from him to defendant on account of those transactions. As a matter of fact both parties produced evidence tending to establish their several claims. It is evident from the record that the jury believed the plaintiff and his witnesses to the exclusion of those of the defendant, and we do not see our way clear to set aside their verdict.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

ROSE, FAWCETT and SEDGWICK, JJ., not sitting.